Jean L. Paul appeals from his conviction in the Montgomery County Court of Common Pleas of Possession of Crack Cocaine in an amount exceeding 100 grams, in violation of R.C. 2925.11(A), after a trial by jury. Paul was sentenced to a mandatory prison term of ten years, ordered to pay a mandatory fine of $10,000.00 and his driver's license was suspended for five years. The sentence was imposed by an entry filed January 26, 1999., Appellant sets forth the following two assignments of error in his brief:
 I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. PAUL WHEN IT FAILED TO SUSTAIN HIS MOTION TO SUPPRESS.
 II. THE FINDING OF GUILT BY COURT WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE."
Appellant's first assignment of error alleges that the trial court erred in overruling his motion to suppress. However, appellant actually filed two motions to suppress in the trial court. Appellant's first assignment of error does not specify that both motions to suppress are the subject of this appeal; further, we note that appellant's brief does not discuss the issue raised in the motion claiming that appellant's statements to law enforcement officers were involuntary and made without an effective waiver of his constitutional rights. Nevertheless, we have reviewed this issue and find that appellant was fully advised of his rights and knowingly waived those rights prior to making any statements to law enforcement officers. The trial court properly overruled the motion to suppress statements made by appellant to the law enforcement officers., Appellant's other motion to suppress, which is argued in his brief, contends that "* * * * the police did not have the requisite probable cause to apply for or be issued a search warrant in this case. Defendant further states that the police had no basis to search his residence; had no basis to stop/seize him; had no probable cause to detain and/or arrest him and that therefore any and all evidence obtained as a result of the (a) illegal and improper search and/or (b) stop and/or seizure; and/or (c) the illegal and improper arrest and/or detention made without probable cause should therefore be suppressed."
The relevant facts are not seriously disputed and are as follows. Suzanne McDonough, a United States Postal Inspector, testified at the motion to suppress hearing that on March 24, 1998, Amy Minc, a member of the National Guard assigned to the Dayton Airport, informed her that a suspicious package was discovered in the Express Mail system at the airport facility. McDonough requested that Minc bring the package to the Franklin Post Office where McDonough observed the exterior of the parcel and concluded that it matched certain profile characteristics. She testified that those characteristics were a new "U-Haul" box, with all seams heavily taped, and that it was sent from Miami, Florida. Her attention was also attracted to the label addressed to Jean Paul, which misspelled the street and described the city as "Cincinnati, Dayton." The label indicated that the sender was "Dan Jeffries." McDonough called directory assistance in Miami and found no listing for Jeffries, but she was later informed that he had an unlisted phone. She also discovered that although the stated sender's address was a large apartment complex, it did not specify an apartment number, which would be important if there was a need to return the parcel to the sender.
McDonough testified that she arranged a line-up of 4-5 similar packages, including the one addressed to appellant, with no labels showing. A trained dog was brought in for a canine sniff. Both McDonough and the dog handler, Officer Russ Whitman, testified that the dog did a positive alert and scratched at the package addressed to the appellant.
Donald R. Filer, a postal inspector with 25 years experience, testified that he came to the post office to assist in the investigation. He stated that he received two calls, appearing to be from the same person, who seemed quite excited when inquiring about delivery of the package.
A search warrant, known as a "beeper warrant," was obtained on March 24, 1998, with the assistance of Detective Donald Williams of the Montgomery County Sheriff's Office. When the package was opened, a plastic bag containing a small yellow powder-like cake was discovered. This substance was field-tested positive for cocaine. An electronic monitoring device was inserted in the package before it was resealed, which would indicate when the package was reopened. The package was delivered to appellant on March 25, 1998, by Postal Inspector Filer, who was wearing a letter carrier's uniform, while a task force of law enforcement authorities waited in the area. Appellant signed for the package and took it into the apartment. After a few minutes the electronic monitor beeper indicated that the package was being opened. At that time the assembled task force made a forced entry into the apartment and found appellant alone in the apartment with the opened package.
Detective Daryl Wilson testified that appellant was transported to the Montgomery County Sheriff's Office where Detective Wilson informed appellant of his Miranda rights by reading them from a written form. Appellant initialed each of the rights on the form as it was read to him. He then signed the waiver of rights statement at the bottom of the form after indicating that he fully understood his rights., Appellant initially stated that he did not know what was going on, but he then admitted that he was aware of the contents of the package. He also said that on a prior occasion he had accepted delivery of a package from a person by the name of John Simmons, which he believed contained eight ounces of suspected crack cocaine. Appellant stated that John Simmons had also asked him to accept delivery of this package.
It has long been established that postal authorities do not possess unlimited power to subject to inspection all matter which has been placed with the postal service for delivery. Ex parteJackson (1877), 96 U.S. 727, 24 L.Ed. 877.
In United States v. Van Leeuwen (1970), 397 U.S. 249, 251, the United States Supreme Court held that first class mail is free from inspection by postal authorities except in the manner provided by the Fourth Amendment. In Van Leeuwen, after two packages were sent by air mail, the movement of these packages through the mails was delayed for slightly over one day while suspicious circumstances surrounding their mailing were investigated to the point where probable cause was established and a warrant issued to open the packages. The court held that no Fourth Amendment interest was violated by forwarding the packages the following day. The significant Fourth Amendment interest was in the privacy of the first class mail and such privacy was not disturbed or invaded until the approval of the magistrate was obtained. Id., at 253.
In United States v. Dennis (C.A. 7, 1997), 115 F.3d 524, the court held that a postal inspector had reasonable suspicion justifying a limited detention of an Express Mail package based upon his observations that is was heavily taped, had been sent from a private person to another private person from a city known to be a source of narcotics distribution and had been mailed from a zip code different from the one listed in the return address. The case now before this court has many similar circumstances toState v. Wilkins (June 19, 1998), Montgomery App. No. 16817, unreported, which was recently decided by this court. As inWilkins, the factors in this case provide reasonable suspicion that the package contained contraband and justified the investigatory detention of the parcel and securing the search warrant.
The cited cases also indicate that circumstances which appear innocent to the outside observer may suggest criminal activity to experienced law enforcement personnel and, in determining whether reasonable suspicion exists, law enforcement authorities may evaluate these circumstances in light of their experience.
The confluence of all these factors in a single package when evaluated by a postal inspector with substantial experience in narcotics investigations provided reasonable suspicion that the Express Mail package may contain contraband and justified the investigatory detention. Additionally, the circumstances set forth in the affidavit for the search warrant provided probable cause for issuance of the search warrant.
Accordingly, we find that the trial court properly overruled the motions to suppress. Appellant's first assignment of error is overruled., Appellant's second assignment of error is directed to the sufficiency of the evidence to support the finding of guilty. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444. A verdict must not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259., Appellant argues that the State failed to prove knowledge and possession, essential elements of the offense of possession of cocaine. However, appellant admitted in the trial on cross-examination that he knew crack cocaine was in the package.
As to the element of possession, R. C. 2925.01(K) states that "possess" or "possession" means having control over a thing or substance, but it may not be inferred solely from mere access to the item through ownership or occupation of the premises upon which the thing or substance is found. State v. Kobi (1997),122 Ohio App.3d 160, held that physical possession is not required; it may be actual or constructive. To be in constructive possession, the evidence must demonstrate that the defendant was able to exercise dominion or control over the item. Readily useable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs. Id., at 174;State v. Pruitt (1984), 18 Ohio App.3d 50; State v. Barr (1993),86 Ohio App.3d 227.
The undisputed evidence in this case reveals that appellant signed for the package containing cocaine and he took the package into the apartment. When the task force received the signal that the package containing cocaine was opened, the apartment was entered and appellant was found alone and standing over the package. A review of the record reveals that overwhelming evidence was presented to the trier of fact to prove the essential elements of knowledge and possession by appellant.
Therefore, we find that there was sufficient evidence to support appellant's conviction. Accordingly, the second assignment of error presented by appellant is overruled.
The judgment of the trial court is Affirmed.
BROGAN, J. and YOUNG, J., concur.
(HON. GEORGE M. GLASSER, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).